Filed 10/6/23  In re Hailey T. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re Hailey T. et al., Persons Coming Under the Juvenile Court Law. | B327958 |
| | (Los Angeles County Super. Ct. No. 20CCJP01554) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| CHASTITY B., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tara L. Newman, Judge.  Affirmed.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

This is Chastity B.'s third appeal from orders terminating her parental rights to her children.  In her previous appeals she contended, among other things, the juvenile court and the Los Angeles County Department of Children and Family Services failed to comply with their inquiry and notice obligations under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law.  In each of those appeals, we directed the juvenile court to ensure the Department complied fully with those obligations.  (See *In re Gabriella H.* (B315796, June 12, 2023) [nonpub. opn.] (*Gabriella H. II*); *In re Gabriella H.* (B313276, Aug. 12, 2022) [nonpub. opn.] (*Gabriella H. I*).)

Chastity again appeals from an order under Welfare and Institutions Code section 366.26[1] terminating her parental rights to two of her five children, Hailey T. and Ramon T., Jr. (Ramon).  Chastity argues the juvenile court erred in finding that there was no reason to believe or know Hailey and Ramon were Indian children and that therefore the provisions of ICWA did not apply.  We conclude the juvenile court and the Department have now complied with their obligations under ICWA.  Therefore, we affirm.

_____

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

2

# FACTUAL AND PROCEDURAL BACKGROUND

A. *The Juvenile Court Sustains Petitions on Behalf of Hailey and Ramon*

Chastity is the mother of Hailey and Ramon, as well as three older children who are not involved in this appeal. Ramon T., Sr. is the father of Hailey and Ramon; he is not involved in this appeal either.

In February 2021 the juvenile court sustained a petition on behalf of 11-month-old Hailey under section 300, subdivisions (a), (b), and (j). Among other allegations, the Department alleged that Chastity and Ramon T. had a history of violent altercations and that Chastity used illicit drugs while pregnant with Hailey. In May 2021 the juvenile court declared Hailey a dependent child of the court and removed her from her parents. On December 10, 2021 the court terminated reunification services for the parents and scheduled a permanency planning hearing under section 366.26.

Ramon was born in October 2021 with a positive toxicology screen for marijuana. On February 1, 2022 the juvenile court sustained a petition on his behalf under section 300, subdivisions (b), (d), and (j). On March 1, 2022 the court declared Ramon a dependent child of the court, removed him from his parents, and denied reunification services.

B. *Ramon T.'s Sister Indicates Hailey May Have Indian Ancestry, and the Department Fails To Comply with Its Notice and Inquiry Obligations Under ICWA*

Chastity and Ramon T. filed ICWA-020 forms in connection with the detention hearing for Hailey stating they had no known

3

Indian ancestry. The juvenile court at that time found it had no reason to know Hailey was an Indian child.

As described in *Gabriella H. I*, Hailey's paternal aunt, Vanessa T., told a dependency investigator Hailey's paternal great-grandfather "came from the Yaqui tribe, but he was not registered with the tribe." Vanessa did not know the paternal great-grandfather's name and did not have any additional information about him, but she gave the investigator the name (Norma T.) and phone number of the paternal great-grandfather's sister. Vanessa also gave the investigator the names and birth dates (but not birth years) of Hailey's paternal grandfather (who was deceased) and paternal grandmother, as well as the place where the paternal grandfather died. The investigator called and left a message for Norma, but she did not respond. The record did not indicate at that time whether the Department attempted to contact Hailey's paternal grandmother.

The investigator sent ICWA-030 notices on behalf of Hailey to the Pascua Yaqui tribe and the Bureau of Indian Affairs. The notices included the name and address of Hailey's father and the names of Hailey's paternal grandparents, but not their partial birth dates, their birth places, or the former address for Hailey's paternal grandfather. On August 20, 2020 the Pascua Yaqui tribe notified the Department that Chastity, Hailey, and Ramon were not members of the tribe and did not have applications for membership pending. Based on the information the Department provided, the Pascua Yaqui tribe concluded Hailey was not eligible for membership in the tribe, and the juvenile court found at the disposition hearing there was no reason to know Hailey was an Indian child.

4

Chastity and Ramon T. appealed from the disposition order arguing, among other things, the Department did not comply with the inquiry and notice requirements of ICWA and related California law. We agreed and directed the trial court to ensure the Department complied fully with ICWA and related California law, including by contacting Hailey's paternal grandmother and providing complete and proper notice to the Pascua Yaqui tribe. (*Gabriella H. I*, *supra*, B313276.)

C.     *The Department Concedes It Failed To Comply with ICWA Regarding Ramon*

Meanwhile, at the February 1, 2022 jurisdiction hearing on the petition regarding Ramon, the juvenile court found, based on a notice from the Pascua Yaqui tribe stating Ramon was not eligible for membership, the court had no reason to believe or know Ramon was an Indian child. That notice was based on the same deficient information the Department provided the tribe regarding Hailey. On appeal from an order denying a section 388 petition, the Department conceded the juvenile court failed to ensure the Department conducted an adequate inquiry under ICWA and related California law regarding Ramon. We again directed the juvenile court to ensure the Department complied fully with the inquiry and notice provisions of ICWA and related California law. (*Gabriella H. II*, *supra*, B315796.)

D.     *The Department Conducts Additional Inquiries and Submits Revised Notices to the Tribe, and the Juvenile Court Finds ICWA Does Not Apply*

In October and December 2022 the Department reported that a social worker contacted Hailey and Ramon's paternal

grandmother, who denied having Indian ancestry but said the children's paternal grandfather claimed to have Indian ancestry. She said that the paternal grandfather had died three years ago and that, because he was incarcerated for over 20 years after they separated, she did not have his last known address. A social worker also contacted two paternal aunts, Christina T. and Heather T., both of whom said they had no Indian ancestry. Christina and Heather also told the social worker that they had "heard" their side of the family was "somehow affiliated" with a tribe, but that they were not registered members. The Department spoke again with paternal aunt Vanessa, who again said Ramon's family had Indian ancestry. And the Department attempted multiple times without success to contact the paternal great-grandfather's sister Norma.

In December 2022 the Department sent revised ICWA-030 notices to the Pascua Yaqui tribe. The notices provided known information omitted from the previous deficient notices, including birth dates and places for the paternal grandparents. In addition, in a section titled "[o]ther relative information," the notices included information about Vanessa and Norma, but did not identify Christina and Heather. On March 1, 2023 the Pascua Yaqui tribe notified the Department that Hailey, Chastity, and Ramon were not members of the tribe and did not have membership applications pending.

On March 13, 2023 the juvenile court found that there was no reason to believe or know Hailey or Ramon was an Indian child and that ICWA did not apply. The court terminated Chastity's and Ramon T.'s parental rights to Hailey and Ramon. Chastity timely appealed.

6

# DISCUSSION

Chastity again argues the juvenile court failed to ensure the Department complied with its duty of inquiry under ICWA, but her only contention this time is that the revised ICWA notices did not include information about the children's paternal aunts Christina and Heather in the section for "[o]ther relative information." Thus, we address only whether the Department's revised notices complied with its obligations under the notice requirements of ICWA and related California law.

"ICWA provides: "'In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." [Citation.] This notice requirement, which is also codified in California law [citation], enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene in or exercise jurisdiction over the proceeding.' [Citations.] 'ICWA reflects a congressional determination to protect Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards a state court must follow before removing an Indian child from his or her family.'" (*In re J.C.* (2022) 77 Cal.App.5th 70, 76-77; see 25 U.S.C. § 1902.)

"Federal regulations implementing ICWA provide that the notice must include, in addition to information about the child and the child's parents, "'[i]f known, the names, birthdates,

birthplaces, and Tribal enrollment information of other direct lineal ancestors of the child, such as grandparents."'" (*In re Y.W.* (2021) 70 Cal.App.5th 542, 556-557; see 25 C.F.R. §§ 23.11(a), 23.111(d)(1)-(3); *In re E.H.* (2018) 26 Cal.App.5th 1058, 1069.) "Section 224.3, subdivision (a)(5)(C), requires ICWA notices to include '[a]ll names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married, and former names or aliases, as well as their current and former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known.'" (*Y.W.*, at p. 557; see *In re T.G.* (2020) 58 Cal.App.5th 275, 294 & fn. 18.) In general, ICWA notices "'"must include enough information for the tribe to 'conduct a meaningful review of its records to determine the child's eligibility for membership.'"'" (*Y.W.*, at p. 557; *In re J.S.* (2021) 62 Cal.App.5th 678, 688.)

The Department's revised notices complied with these requirements by providing the information known to the Department concerning Hailey and Ramon's parents and grandparents. Neither ICWA nor California law requires an ICWA notice to include known information about non-direct lineal ancestors, such as aunts. (See 25 C.F.R. §§ 23.11(a), 23.111(d)(1)-(3); § 224.3, subd. (a)(5)(C); *In re E.H.*, *supra*, 26 Cal.App.5th at p. 1070, fn. 16 [distinguishing between "direct lineal ancestors" and relatives listed in the "[o]ther relative information" section of the ICWA notice form, such as aunts and uncles].)

Chastity concedes our prior opinions did not require the Department to provide "information pertaining to the other

8

paternal aunts," and she cites no case interpreting ICWA or related California law that way. But she argues that Christina and Heather, like Vanessa, "were Indian relatives whose information was potentially relevant to a membership or eligibility determination made by the Pascua Yaqui tribe" and that substantial evidence did not support the juvenile court's finding ICWA did not apply. The revised notices, however, satisfied the requirement that an ICWA notice must provide enough information for the tribe to conduct a meaningful review to determine a child's eligibility for membership. (See *In re Y.W.*, *supra*, 70 Cal.App.5th at p. 557; *In re J.S.*, *supra*, 62 Cal.App.5th at p. 688.) The revised notices included the names, birthplaces, and birth dates of the children's father and paternal grandfather, who the paternal grandmother said claimed Indian ancestry and whose blood line included the paternal great-grandfather, who Vanessa believed "came from the [Pascua] Yaqui tribe." That was enough information for the tribe to determine if the children were members or eligible for membership. (See *In re Delila D.* (2023) 93 Cal.App.5th 953, 965 ["ICWA defines an Indian child as either 1) a member of a tribe or 2) a biological child of a member and eligible for membership."]; 25 U.S.C. § 1903(4); § 224.1, subd. (a).)

And even if California law required the Department to provide the names of the children's paternal aunts in the notices sent to the Pascua Yaqui tribe, Chastity has not shown that omission would have affected the Pascua Yaqui tribe's determination Hailey and Ramon were not members of the tribe. Thus, any error by the juvenile court in failing to ensure the Department complied with such an obligation was harmless. (See *In re Y.W.*, *supra*, 70 Cal.App.5th at p. 558 [any failure to

9

comply with a higher state standard for ICWA notices ""must be held harmless unless the appellant can show a reasonable probability that he or she would have enjoyed a more favorable result in the absence of the error""]; *In re E.H.*, *supra,* 26 Cal.App.5th at p. 1072 [same]; *In re S.E.* (2013) 217 Cal.App.4th 610, 615 ["[w]here notice has been received by the tribe, errors or omissions in the notice are reviewed under the harmless error standard"].)

## DISPOSITION

The order is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.          FEUER, J.